H. K. GOODRICH, *Plaintiff*, v. GEORGE G. O'NEILL *et al.*, *Defendants.*

No. 17,666.

### SYLLABUS BY THE COURT.

QUO WARRANTO — *"Soldiers' Preference Law"* — *Civil Service Examination.* The statute requiring certain appointments in cities operating under the commission form of government to be made from a certified list of candidates who have excelled in a civil service examination is not limited in its operation by the earlier statute requiring the appointment of an ex-soldier whenever one who is competent is an applicant for a position in the public service; as to any office covered by the later law an ex-soldier to be eligible for appointment must have taken the examination and been placed upon the certified list.

Original proceeding in quo warranto. Opinion filed October 7, 1911. Demurrer to the petition sustained.

*Waters & Waters,* and *Garver & Garver,* for the plaintiff.

*W. C. Ralston,* city attorney, and *Hazen & Gaw,* for the defendants.

The opinion of the court was delivered by

MASON, J.: H. K. Goodrich asked to be appointed superintendent of the city electric light department of Topeka, claiming a right to the appointment under the

soldiers' preference law. His application was denied upon the ground that he was ineligible by reason of not having taken the civil service examination required by the statute providing for a commission form of government. He brings this action against the person who received the appointment and the city commissioners, asking that he be adjudged to be entitled to the office. The defendants demur to his petition and the demurrer is submitted for decision.

The soldiers' preference law in the present form was enacted in 1907. (Laws 1907, ch. 374, § 1, Gen. Stat. 1909, § 7879.) It provides in substance that honorably discharged soldiers in the army of the United States in the war of the rebellion shall be preferred for appointments to fill positions in every public department of the state, or of any county, city or town in the state; that when any such ex-soldier shall apply for appointment to such position, he shall be appointed if he is of good reputation and can perform the duties.

The civil service examination law was enacted in 1909. (Laws 1909, ch. 74, § 4, Gen. Stat. 1909, § 1238.) It provides in substance that in the cities to which it applies a civil service commission shall meet at least twice a year and "hold examinations for the purpose of determining the qualifications of applicants for positions, which examination shall be practical and shall fairly test the fitness of the persons examined to discharge the duties of the position to which they seek to be appointed"; that they shall after each examination certify to the city commissioners the names of the two applicants for each position having the highest standing; that thereafter appointments shall be made from the certified list.

Of course the statutes are to be construed together and both are to be upheld so far as they are in harmony, but if one of the two must be deemed to limit the operation of the other, the latest expression of the legislature

Goodrich v. O'Neill.

will govern. The earlier law says that a veteran who is competent shall be preferred to any candidate who is not a soldier. The later law says that certain appointments shall be made from a list formed by certifying the two highest in rank at each examination. There is no express exception made in favor of ex-soldiers, and none seems by any reasonable implication to be intended. The new law, in letter and spirit alike, seems to show a purpose that no appointment shall be made except upon the basis of efficiency as determined by the examination. It establishes a standard of competency and provides a means of determining the competency according to that standard. It says that no one shall be eligible who has not in some one of a number of successive examinations been one of the two receiving the highest rating—thus in effect saying that no other shall be deemed competent. The soldiers' preference law does not prevent the legislature from prescribing qualifications for appointment to office, and one of the qualifications prescribed by the later act is that the candidate must be able to demonstrate his fitness by success in a competitive examination. This does not conflict with the veterans' law, which still has abundant field for operation. The appointment must be made from the certified list, but if the name of an ex-soldier appears thereon he must have the preference.

The demurrer to the petition is sustained.