Amy Bertrand, Chief Attorney Department of Administration Landon State Office Building Room 107 900 S.W. Jackson St. Topeka, Kansas 66612-1214
Dear Ms. Bertrand:
You request our opinion regarding the interplay between K.S.A. 75-2955
and K.S.A. 73-201. Specifically, you inquire whether the former supercedes the latter in state civil service hiring situations. You present this question as a pure question of statutory interpretation, without specific facts. You also pose a question presented to you by a non-governmental organization, which you determined to be outside the scope of your department. As our policy is to not issue opinions requested on behalf of private persons or entities, we decline to give an opinion as to the additional question of the private organization.
The question you present is a simple one requiring only general rules of construction. As we are not asked to opine as to how these general rules would apply to a particular factual setting, we will not speculate as to application of the general rules under particular facts.
In Goodrich v. O'Neill,[1] the Kansas Supreme Court, in resolving a particular fact situation regarding the then-existing version of K.S.A.73-201 and a then-existing local civil service statute, stated:
 "Of course the statutes are to be construed together and both are to be upheld so far as they are in harmony, but if one of the two must be deemed to limit the operation of the other, the latest expression of the legislature will govern."
We recognize this as the general rule. We caution, however, that amendments to K.S.A. 73-201 since Goodrich was decided may alter the reasoning and/or outcome of Goodrich were it decided under the currently existing statutes. Nonetheless, we believe the general rule of statutory construction quoted above is still viable. Further, the Goodrich court, while specifically not finding a conflict between K.S.A. 73-201 and the newer civil service law there considered, nonetheless limited the application of K.S.A. 73-201 to situations not trumped by the newer law. It would appear that K.S.A. 75-2955 and K.S.A. 73-201 have a similar relationship to the two statutory enactments considered in Goodrich, and that based upon Goodrich, the newer scheme would control to the extent there is any conflict.
Therefore, it is our opinion that if harmony cannot be achieved by reading K.S.A. 73-201 and K.S.A. 75-2955 in parte materia, the newer statute, i.e. K.S.A. 75-2955, controls to resolve any conflict between the two statutes.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Ralph J. De Zago Assistant Attorney General
PK:JLM:RJD:jm
[1] 85 Kan. 595 (1911).